Ducker, Judge:
The claimants, Central Asphalt Paving Company and V. N. Green and Company, Inc., filed their claim against the State Road Commission with the Attorney General of West Virginia on November 18, 1985, by virtue of the authority so granted under Chapter 14, Article 2, of the Code of West Virginia, for the payment of labor and materials furnished under Road Project No. S-661(8), Raleigh County, West Virginia, in the sum of $8,418.31, which claim after the taking of evidence by and before the Attorney General was pending for decision by this Court when it acquired jurisdiction of the same.
The Claimants were awarded an original contract dated May 6, 1963 for the laying of concrete for the road embraced in the project, and the present claim arose out of a Supplemental Agreement or Change Order dated July 13, 1964 which, among other things, provided that the asphaltic wearing course was to be reduced from 110 pounds per square yard to 80 pounds per square yard and that an experimental wearing course was to be added to the one originally specified, which additional wearing course was to consist of hot laid asphaltic concrete placed in accordance with specifications in an amount equal to 220 pounds per square yard, such work to form the basis for an experiment then being conducted by West Virginia University. Claimants *39 were to be compensated $649.06 per hour for actual working time expended in the “application” of the hot laid asphaltic concrete to the experimental course.
No question is presented as to the quality of the work done or as to the proper fulfillment of the contract. The only question presented here is as to the number of hours involved and consequently the amount of compensation for such work. The claimants’ number of hours was calculated by them as 71.5 hours, which at the contract price amounted to $46,407.79, but the Road Commission calculated the time as 58.53 hours for which it paid claimants the sum of $37,989.48, making a difference of $8,413.31 in the amounts, which latter amount the claimants now seek to recover.
The difference arises by reason of the time alloted for the work in preparing the paver equipment for operation, called “start-up” time spent on it at the beginning of each day and the “clean-up” time spent on it at the end of each day. The claimants claim an hour and a half at the beginning and the same amount of time at the end of a day, but the Road Commission allowed and paid for only a half hour at the beginning of each day and the same amount of time at the end of each day. Settlement on the latter basis was made by the Road Commission because it determined that to be a reasonable adjustment of the controversy, and it was willing to do so because it recognized there was some conflict in the wording of the Supplemental Agreement as to just what was understood or intended by the word “application” of the concrete work. On the one hand “application” was to be construed as meaning only the time devoted to “spreading and finishing,” while on the other hand it was to be construed as covering in addition to time devoted to spreading and finishing all other time involved in the work. The Road Commission concluded that some adjustment should be made and so concluded to allow a half hour as start-up time and a half hour for clean-up time.
From the exhibits filed both by the claimants and by the State Road Commission we find it difficult, if not impossible, to determine with any degree of accuracy just what is the correct amount of time so involved in start-up and clean-up time, and we believe the matter was one which was properly a subject for adjustment.
*40 The State Road Commission’s Exhibit No. 1, filed in the record with the transcript of the evidence, is a letter dated December 10, 1964 from Mark Fara, Research Manager of the Road Commission, to Russell Quinn, District Engineer, District 10, giving recogniton to the fact that there could have been some misunderstanding as to the meaning of the word “application” and that the Road Commission wanted to pay for such amount of time as was just and fair for start-up and clean-up time, and that according to experience of said Road Commission official an allowance of a half hour a day for start-up and a half an hour a day for clean-up time would be fair, and for that reason and on that basis the claimants were paid, and we agree with such conclusion and consider such settlement as fair and equitable.
In reviewing all the evidence in this claim, the Court is of the opinion to and it is our judgment that the claimants, Central Asphalt Paving Company and V. N. Green and Company, Inc., are not entitled to an award upon their claim, and that their claim filed herein should be and is hereby disallowed.
Claim Disallowed.